UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERGREEN NATIONAL INDEMNITY
COMPANY,                                                    Case No. 09-12941

      Plaintiff,                                       HON. SEAN F. COX
                                                       United States District Judge
v.

GIBRALTER LAND COMPANY, *et al.*,

      Defendant.
_____/

OPINION & ORDER GRANTING PLAINTIFF'S
MOTIONS FOR ENTRY OF DEFAULT JUDGMENT [Doc Nos. 22-26, 31]

Plaintiff Evergreen National Indemnity Company ("Evergreen") filed this diversity breach of contract action on July 24, 2009, alleging that Defendants Gibralter Land Company, DCS, Ltd., Kent Holdings, LLC, and Dunham Partners, LLC ("the Corporate Entities"), as well as Matthew and Robyn Wilkinson ("the Wilkinsons"), failed to fully indemnify Evergreen for monies paid to the Michigan Department of Environmental Quality ("MDEQ") pursuant to a performance bond Evergreen issued on behalf of the Defendants. The matter is before the Court on Evergreen's Motions for Entry of Default Judgment [Doc. Nos. 22-26, 31], a hearing upon which was held before the Court on January 14, 2010. For the reasons below, the Court **GRANTS** Evergreen's motions [Doc. Nos. 22-26, 31].

BACKGROUND

Plaintiff Evergreen is an Ohio Corporation with its principal place of business in Mayfield Heights, Ohio, and is engaged in the surety bond business. [Pl.'s Complaint, Doc. No. 1, ¶1]. The Corporate Entities are all either Michigan corporations or Michigan limited liability

companies, with their principal places of business in Trenton, Michigan. *Id*. at ¶¶2-5. The Wilkinsons are both Michigan citizens, residing in Gross Isle, Michigan, *Id*. at ¶¶6-7.

On or about October 31, 2000, Evergreen issued a surety bond for a Solid Waste Disposal Area - Landfill No. 202185 ("the Bond") in the penal sum of $1,000,000.00 to the MDEQ on behalf of defendant Gibralter Land Company. *Id*. at ¶12. Thereafter, on March 8, 2006, the MDEQ lowered the penal amount on the Bond to $435,939.00. *Id*. The Bond was issued in relation to the Countrywide Landfill, located at 15701 Vreeland Rd., Gibralter, Michigan ("the Landfill"), which is run, maintained and operated by Gibralter Land Company. *Id*. at ¶13.

On or about October 8, 2001, the Corporate Entities and the Wilkinsons executed a general indemnity agreement ("the Agreement") which provided that the Defendants would indemnify and hold Evergreen harmless for losses incurred in connection with the Bond issued on behalf of Gibralter. A copy of the Agreement is attached to Evergreen's Complaint, [*See* Doc. No. 1, Ex. B], and is signed by each of the Corporate Entities and by the Wilkinsons in their individual capacities. *Id*.

On or about June 4, 2009, the MDEQ delivered to Evergreen a claim for $435,939.00, the full amount of the Bond. [Pl.'s Complaint, Doc. No. 1,¶16]. After being given notice of the claim by Evergreen, the Defendants remitted $255,902.36 to Evergreen as partial payment pursuant to their indemnity obligations under the Agreement. *Id*. at ¶18. On July 15, 2009, Evergreen tendered payment for the full amount of $435,939.00 to the MDEQ. *Id*. at ¶19. To date, the Defendants have not tendered the outstanding $180,036.64 owed to Evergreen pursuant to the Agreement. *Id*. at ¶20.

Evergreen commenced this action on July 24, 2009, seeking indemnification from each of

2

the Corporate Entities and from both of the Wilkinsons, jointly and severally. Specifically, Evergreen's prayer for relief requests: 1) judgment in the amount of $180,036.64; plus 2) pre- and post-judgment interest; and 3) costs and attorney fees pursuant to Article II, Section A, subpart 10 of the Agreement. *Id*. at p.8.

The Corporate Entities were served with process in this action on July 28, 2009. [*See* Doc. Nos. 4-7]. Matthew and Robyn Wilkinson were each served with process in this action on September 12, 2009. [*See* Doc. Nos. 16, 17]. After the time for each of the Defendants to answer Evergreen's Complaint had expired, Evergreen secured clerk's entries of default for each of the Defendants. [*See* Doc. Nos. 15, 19, 30].

Upon securing clerk's entries of default, Evergreen filed the instant motions for default judgment [Doc. Nos. 22-26, 31]. In each of those motions, Evergreen attaches affidavits and supporting billing information that evidences attorney fees and costs incurred by Evergreen in the amount of $9,350.37. [*See* Affidavits of Timothy J. Jordan and Michael J. Connick, Ex. 2 to Doc. Nos. 22-26, 31]. Evergreen seeks a default judgment against each of the Defendants, jointly and severally, for $180,036.64 in damages, plus $9,350.37 in costs and attorney fees, for a total of $189,387.01.

The Court held a hearing on these motions on January 14, 2010. Though counsel appeared on behalf of the Plaintiff, no one appeared on behalf of any of the Defendants.

## ANALYSIS

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). Although liability is no longer an issue once default has been entered,

the plaintiff must still prove the extent of its alleged damages. *See, e.g., Antione v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Rule 54 of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Evergreen's Complaint requests damages in the amount of $180,036.64, plus costs and attorney fees per the Agreement. [*See* Pl.'s Complaint, Doc. No. 1, p.8]. Thus, it does not appear that Evergreen is seeking damages in this motion that differ from those asserted in the complaint.

Rule 55, which governs default judgments, provides in pertinent part:

> The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Accordingly, though this Court has discretion to order an evidentiary hearing to determine the amount of damages properly owed to Evergreen, the Court finds that Evergreen's filings are sufficient to allow the Court to properly enter judgment in its favor.

The following is a summary of the various categories of damages sought by Evergreen in these motions, as well as an evaluation of the evidence presented in support of each request.

I. Damages Under Contractual Indemnity Theory

As damages as a result of the Defendants' alleged breach of contractual indemnity, Evergreen requests a total of $180,036.64. A copy of the Agreement was provided by Evergreen [*See* Pl.'s Complaint, Doc. No. 1, Ex. B], whereby the Defendants agreed ". . .[t]o exonerate, save harmless, indemnify, and keep indemnified [Evergreen] from any and all loss whatsoever. . . for which [Evergreen] pays or incurs of for which [Evergreen] becomes liable. . .

4

." *Id*. at Art. II, § A.  From this information, uncontested by the Defendants for purposes of this hearing, it is evident that the Defendants agreed to indemnify Evergreen for any and all losses incurred by Evergreen related to their issuance of the Bond.  It is also uncontested that Evergreen became indebted to the MDEQ in the amount of $435,939.00, and tendered payment to the MDEQ in that amount.  Finally, it is also uncontested that the Defendants only remitted $255,902.36 to Evergreen in partial payment of their obligations under the Agreement.

The Court therefore **ORDERS** damages under Evergreen's breach of contractual indemnity theory in the amount of $180,036.64.

II.  Attorney Fees Under the Agreement

Subsection (10) of Article III, § A of the Agreement entitles Evergreen to costs and attorney fees associated with recoupment of any loss suffered by Evergreen as a result of its issuance of the Bond.  Evergreen seeks an award of costs and attorney fees totaling $9,350.37.  In support of its request for attorney fees, Evergreen attaches the Affidavits of Timothy J. Jordan and Michael J. Connick [*See* Ex. 2 to Doc. Nos. 22-26, 31].  Each attorney has also included an itemized breakdown of their time expended on this matter.

The Court grants Evergreen the full amount of attorney fees requested.  Furthermore, the costs associated with this suit speak for themselves.  Therefore, the Court orders an award totaling $9,350.37 in costs and attorney fees.

## CONCLUSION

For the reasons explained above, the Court **GRANT** Evergreen's Motions for Entry of Default Judgment [Doc. Nos. 22-26, 31].  Plaintiff is **ORDERED** to electronically file a proposed judgment for entry by the Court.

**IT IS SO ORDERED.**

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: January 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2010, by electronic and/or ordinary mail.

                                          s/Jennifer Hernandez
                                          Case Manager